Caldwell, J.
The action below'was covenant upon a warranty contained in a deed from Fisher to Butcher. The declaration alleges the sale of certain lands in Newtown, Hamilton county, by Fisher to Butcher, the covenants of general warranty, freedom from incumbrance, etc., and by tway of breach, eviction, by a title paramount.
On the trial, a- bill of exceptions was taken to the rulings of the court, on which several errors have been assigned. The plaintiff in the court below offered in evidence the deed from Fisher to Butcher. This was objected to by the defendant, on the ground that it was not properly acknowledged. The deed is dated January 6th, 1842, and the certificate of acknowledgment on the 6th of January, 1840. The court overruled the objection, and admitted the deed in evidence, which is assigned for error. It is said that the dates proved that the acknowledgment was taken before the deed was made. If this were true, the acknowledgment wouli necessarily be invalid. We think, however, from an examination of the whole instrument, that it appears that this discrepan cy in dates arises from a clerical mistake.
*407 It is only necessary that the acknowledgment should be taken after the deed is executed. It is not important that it should be taken at any specified time. If it were made at any time between the making of the deed and the bringing of the suit, it would be good. It appears from the certificate, that the deed was made at the time; it refers to it as the above conveyance, and certifies to an acknowledgment of the signing and sealing thereof. The paper itself sufficiently shows an acknowledgment of the deed after its execution, and that the contradiction of dates arises from a clerical mistake. An examination of the certificate will show how the mistake occurred. It is a printed form, with a blank after the word forty, for the insertion of the units. This blank was omitted to be filled, and makes the date read, eighteen hundred and forty.
It being, then, a mere clerical mistake, which the instrument itself sufficiently corrects, the court were right in admitting the deed in evidence. The bill of exceptions states that the plaintiff also offered the “ depositions of Samuel Wiggins, John Brockhart and Uriah Burdsall, taken by consent of parties, saving only the competency thereof.” These depositions were objected to by the defendant, on the ground that they were incompetent, inasmuch as they tended to prove a breach of seizin, not warranty.
These depositions are referred to as marked (C). They are not made a part of the bill of exceptions, nor do they purport to be attached to it, nor do we find any paper on file that would answer the description given in the bill of exceptions. There are no depositions of these persons named, on file. We find a paper marked (C), indorsed on the back, “ agreed facts,” which contains a memorandum of what Wiggins and the others state in reference to the matter, which it is agreed by counsel may be read to the jury, -reserving the right to all objections to competency. This is the only paper marked (0), on file. It does not answer the description of .the paper referred to in the bill of exceptions; it is not made a part of the record. What the testimony *408 was that was objected to, we cannot judicially know, and, therefore, cannot determine whether the court erred or not; the question is not before us.
The other errors assigned, depend on the alleged admission of this evidence. We cannot, from the bill of exceptions, determine that the commercial court committed any error, and, therefore, affirm the judgment.